1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   VICTOR RENARD CYRUS,

11          Plaintiff,                    No. CIV S-10-2793 EFB P

12          vs.

13   HAVILAND, et al.,
                                          ORDER AND
14          Defendants.                   FINDINGS AND RECOMMENDATIONS

15   _____/

16          Plaintiff is a state prisoner proceeding without counsel in an action brought under 42

17   U.S.C. § 1983.  On July 21, 2011, defendants Guillory, Medina, and Melgoza ("defendants")

18   moved to dismiss this action on the ground that plaintiff failed to exhaust available

19   administrative remedies before filing the complaint in this action.[1]  For the reasons stated below,

20   the court finds that plaintiff failed to exhaust his administrative remedies prior to filing suit and

21   therefore recommends that defendants' motion be granted.

22   ////

23   _____

24          [1] On September 15, 2011, the court ordered plaintiff to file either an opposition or
     statement of non-opposition to defendants' motion.  Dckt. No. 19.  On October 11, 2011,
     plaintiff responded, indicating he had filed an opposition brief in September 2011, and
25   summarizing the arguments raised therein.  Dckt. No. 20.  The court's docket does not reflect the
     opposition brief referenced by plaintiff.  However, the court construes plaintiff's response to the
26   court's order as an opposition to defendants' motion.

                                              1

**I.     Background**

This action proceeds on the October 15, 2010 complaint on plaintiff's claims that defendants were deliberately indifferent to plaintiff's safety.  Dckt. Nos. 1, 8.  Plaintiff alleges in his complaint that in late 2008, he was recruited by defendants Melgoza and Medina to participate in a confidential operation to identify individuals smuggling cell phones and tobacco into California State Prison-Solano.  Dckt. No. 1 at 3.[2]  Plaintiff claims defendants told him the operation was authorized by "high ranking authority figures."  *Id*.  Plaintiff alleges he agreed to assist these defendants because he was assured he would be transferred to California Medical Facility-Vacaville (CMF-Vacaville) in exchange for his assistance.  *Id* at 4.  After assisting defendants for eight months, plaintiff allegedly learned that the operation was not authorized by "Institutional Heads."  *Id*.

As a result of the confidential operation, plaintiff was investigated by prison authorities for participating in illicit activities and consequently placed in Administrative Segregation (Ad Seg).  *Id*.  While in Ad Seg, plaintiff claims he had a meeting with defendant Medina, who assured plaintiff he would be removed from Ad Seg and three CDC "115" Rules Violation Reports, presumably issued because of his participation in the operation, would be removed from his central file prior to his upcoming annual classification review.  *Id* at 5.  Plaintiff alleges that defendants did not remove the reports, which caused plaintiff's inmate classification to be wrongfully elevated from a Level III security inmate to a Level IV.  *Id*.  Plaintiff alleges that his new classification resulted in a transfer to a Level IV facility, where he was attacked by two inmates.  *Id* at 7.  Defendants now move to dismiss this action on the ground that plaintiff failed to exhaust available administrative remedies prior to filing this action.

*////*

*////*

---

[2] The page numbers cited herein refer to those assigned by the court's electronic docketing system and not those assigned by the parties.

**II.     Exhaustion Under The PLRA**

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions [under section 1983 of this title] until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  "Prison conditions" subject to the exhaustion requirement have been defined broadly as "the effects of actions by government officials on the lives of persons confined in prison . . . ."  18 U.S.C. § 3626(g)(2); *Smith v. Zachary*, 255 F.3d 446, 449 (7th Cir. 2001); *see also Lawrence v. Goord*, 304 F.3d 198, 200 (2d Cir. 2002).  To satisfy the exhaustion requirement, a grievance must alert prison officials to the claims the plaintiff has included in the complaint, but need only provide the level of detail required by the grievance system itself.  *Jones v. Bock*, 549 U.S. 199, 218-19 (2007); *Porter v. Nussle*, 534 U.S. 516, 524-25 (2002) (purpose of exhaustion requirement is to give officials "time and opportunity to address complaints internally before allowing the initiation of a federal case").

Prisoners who file grievances must use a form provided by the California Department of Corrections and Rehabilitation, which instructs the inmate to describe the problem and outline the action requested.  The grievance process, as defined by California regulations, has three levels of review to address an inmate's claims, subject to certain exceptions.  *See* Cal. Code Regs. tit. 15, § 3084.7.  Administrative procedures generally are exhausted once a plaintiff has received a "Director's Level Decision," or third level review, with respect to his issues or claims.  *Id.* § 3084.1(b).

Proper exhaustion of available remedies is mandatory, *Booth v. Churner*, 532 U.S. 731, 741 (2001), and "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules[.]"  *Woodford v. Ngo*, 548 U.S. 81, 90 (2006).  For a remedy to be "available," there must be the "possibility of some relief. . . ."  *Booth*, 532 U.S. at 738.  Relying on *Booth*, the Ninth Circuit has held:

////

1   [A] prisoner need not press on to exhaust further levels of review once he has
    received all "available" remedies at an intermediate level of review or has been
2   reliably informed by an administrator that no remedies are available.

3   *Brown v. Valoff*, 422 F.3d 926, 935 (9th Cir. 2005).

4       Although a motion to dismiss for failure to exhaust administrative remedies prior to filing

5   suit is normally brought under Rule 12(b) of the Federal Rules of Civil Procedure, when ruling

6   on such a motion requires the court to look beyond the pleadings in the context of disputed

7   issues of fact the court must do so under "a procedure closely analogous to summary judgment."

8   *Wyatt*, 315 F.3d at 1119, n.14.  Because care must be taken not to resolve credibility on paper as

9   it pertains to disputed issues of material fact, the undersigned applies the Rule 56 standards to

10  exhaustion motions that require consideration of materials extrinsic to the complaint.  *See*

11  *Chatman v. Felker*, No. Civ. S-06-2912 LKK EFB, 2010 WL 3431806, at *2-3 (E.D. Cal. Aug.

12  31, 2010).

13      Defendants bear the burden of proving plaintiff's failure to exhaust.  *Wyatt*, 315 F.3d at

14  1119.  To bear this burden:

15      a defendant must demonstrate that pertinent relief remained available, whether at
        unexhausted levels of the grievance process or through awaiting the results of the
16      relief already granted as a result of that process. Relevant evidence in so
        demonstrating would include statutes, regulations, and other official directives
17      that explain the scope of the administrative review process; documentary or
        testimonial evidence from prison officials who administer the review process; and
18      information provided to the prisoner concerning the operation of the grievance
        procedure in this case . . . . With regard to the latter category of evidence,
19      information provided [to] the prisoner is pertinent because it informs our
        determination of whether relief was, as a practical matter, "available."

20

21  *Brown*, 422 F.3d at 936-37 (citations omitted).

22      On April 22, 2011, the court advised plaintiff of the requirements for opposing a motion

23  to dismiss for failure to exhaust available administrative remedies as well as a motion pursuant

24  to Rule 56 of the Federal Rules of Civil Procedure.  *See Rand v. Rowland*, 154 F.3d 952, 957

25  (9th Cir. 1998) (en banc), *cert. denied*, 527 U.S. 1035 (1999); *Klingele v. Eikenberry*, 849 F.2d

26  409 (9th Cir. 1988); *Wyatt*, 315 F.3d at 1120, n.14.

4

**III.    Discussion**

Defendants contend that plaintiff did not exhaust available administrative remedies because he did not properly submit an appeal to the Director's level of review.  In support of their motion, defendants submit: 1) the declaration of D. Foston, Chief of the Inmate Appeals Branch for the California Department of Corrections and Rehabilitation ("CDCR") ("Foston Decl.") and 2) the declaration of S. Cervantes, Appeals Coordinator for the Institutional Appeals Office at California State Prison, Solano ("Cervantes Decl.").  Defendants also reference exhibits to plaintiff's complaint.

According to defendants' evidence, plaintiff filed only one administrative grievance regarding the events alleged in this action. Cervantes Decl. ¶ 7, Ex. A (appeal no. CSP-S-02408, submitted October 2, 2009).  This grievance bypassed the lower levels of review and was initially responded to by Warden Swarthout at the second-level of review.  *Id.*, Ex. A (Dckt. No. 18-5 at 2-6) (including an initial response to plaintiff's grievance dated December 15, 2009 and a subsequent response dated August 10, 2010).  In his December 15, 2009 response, Warden Swarthout partially granted plaintiff's grievance, but also informed plaintiff that the matter had been referred to the Office of Internal Affairs and that inquiry into plaintiff's grievance was not yet complete.  *Id.*, Ex. A (Dckt. No. 18-5 at 3-4).  In his August 10, 2010 response, titled "Final Determination of Issue," Warden Swarthout informed plaintiff that he had received a closure memorandum from the Office of Internal Affairs and that review of plaintiff's grievance indicated there was no violation of CDCR policy.  *Id.*, Ex. A (Dckt. No. 18-5 at 2).  Warden Swarthout further informed plaintiff that plaintiff could appeal the decision up to the Director's level of review.  *Id.*

Defendants, relying on the Foston declaration, submit that plaintiff never filed a grievance that was accepted at the Director's level of review.  Foston declares that he is familiar with the record keeping system at the Inmate Appeals Branch and that he is able to verify the status of third-level appeals.  Foston Decl. ¶ 5.  Foston further declares that he conducted a

1   thorough search of the Inmate Appeals Branch's records and that there is no record of an appeal

2   accepted at the Director's level regarding the events alleged in this action.  *Id.* ¶¶ 6-7, Ex. A.

3         Although there is no evidence that a Director's level appeal was accepted for review, the

4   Inmate Appeals Branch's records indicate that plaintiff submitted an appeal to the Director's

5   level on March 3, 2010.  *Id.*, Ex. A (Dckt No. 18-3 at 2).  However, Foston screened out this

6   appeal on April 7, 2010, because plaintiff had not yet completed the second-level of review.  *Id.*;

7   Dckt. No. 1 at 58 (April 7, 2010 letter from Foston).  As noted, the inquiry into plaintiff's

8   grievance at the second-level of review was not final until August 2010.  Cervantes Decl., Ex. A

9   (Dckt. No. 18-5 at 2).  An appeal must be completed through the second level of review before it

10  can be considered at the final level of review.  Foston Decl. ¶ 8.  Because plaintiff submitted his

11  appeal to the Director's level approximately five months before completion of the second-level

12  of review, Foston properly rejected the appeal as premature and the appeal was not sufficient to

13  exhaust plaintiff's administrative remedies.  *See Woodford*, 548 U.S. at 90 ("Proper exhaustion

14  demands compliance with an agency's deadlines and other critical procedural rules . . . .").

15        Defendants' evidence establishes that plaintiff failed to exhaust available administrative

16  remedies prior to filing suit.  Accordingly, the court finds that defendants have satisfied their

17  initial burden of proving plaintiff's failure to exhaust.  As discussed below, plaintiff has not

18  responded by demonstrating that he exhausted his administrative remedies, that such

19  administrative remedies were unavailable, or that prison officials effectively obstructed his

20  ability to pursue his grievance through the director's level of review.  *See Ngo v. Woodford*, 539

21  F.3d 1108, 1110 (9th Cir. 2008).

22        In opposition, plaintiff contends "it is clear" from defendants' motion that plaintiff

23  exhausted his administrative remedies, "or at least went through the proper channels to do so."

24  Dckt. No. 20 at 1.  As discussed above, defendants' evidence establishes that plaintiff failed to

25  properly appeal his grievance to the Director's level.  Although plaintiff did file a third-level

26  appeal, Foston properly rejected the appeal as premature.  Contrary to plaintiff's contention,

1  defendants established that plaintiff failed to properly exhaust his available administrative

2  remedies.

3      Plaintiff further argues that the prison administration "made the regular appeal process

4  impossible to follow" by violating time restraints.  Dckt. No. 20.  Assuming plaintiff is referring

5  to the delay in receiving a final response to his appeal at the second level of review, plaintiff

6  does not explain how this delay prevented him from properly exhausting his administrative

7  remedies.  Prior to commencing this action, plaintiff could have submitted a Director's level

8  appeal after completion of the second-level of review.  Plaintiff does not provide evidence, or

9  even claim, that he pursued further appeals to the Director's level.  Thus, administrative relief

10 remained available to plaintiff.

11     In light of the above, the court concludes that plaintiff failed to properly exhaust his

12 administrative remedies and that defendants' motion to dismiss should therefore be granted.

13 **IV.   Conclusion**

14     Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court shall randomly

15 assign a district judge to this action.[3]

16     Further,  IT IS HEREBY RECOMMENDED that defendants' July 21, 2011

17 unenumerated Rule 12(b) motion to dismiss for failure to exhaust administrative remedies be

18 granted and the Clerk be directed to close the case.

19     These findings and recommendations are submitted to the United States District Judge

20 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

21 after being served with these findings and recommendations, any party may file written

22 objections with the court and serve a copy on all parties.  Such a document should be captioned

23 "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

24

25     [3]  Although plaintiff has filed a consent to proceed before a magistrate judge, there has
   been no response by the defendants to the court''s order of April 22, 2011to file either a consent
26 or request for reassignment within 30 days.

within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated:  February 22, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

8